**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| CLIFTON CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS STATE POLICE | ) | |
| OFFICERS TODD CAMBRA, NATALE | ) | |
| LAPRIORE, LORI TRIPP, and | ) | |
| UNKNOWN MASSACHUSETTS STATE | ) | |
| POLICE OFFICERS; BROCKTON | ) | No. 1:24-cv-12924-JEK |
| POLICE OFFICERS JENNIFER HAYES, | ) | |
| EMANUEL GOMES, and UNKNOWN | ) | |
| BROCKTON POLICE OFFICERS; the | ) | |
| CITY OF BROCKTON, | ) | |
| MASSACHUSETTS; ASSISTANT | ) | |
| PLYMOUTH COUNTY DISTRICT | ) | |
| ATTORNEY FRANK MIDDLETON; | ) | |
| NORA BUCKLEY; and ROBIN ANAPOL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND AND TO SERVE PROCESS ON THE COMMONWEALTH**

**KOBICK, J.**

Plaintiff Clifton Caldwell seeks to amend his complaint to add Massachusetts State Police ("MSP") Officer Jose Gonsalves as a defendant and to serve the Commonwealth on Gonsalves' behalf. In his original complaint, Caldwell sued the City of Brockton, officers with the Brockton Police Department, officers with the MSP, a prosecutor, a victim witness advocate, and an employee with the Massachusetts Department of Children and Families for allegedly violating his civil rights under federal and state law while investigating and securing his conviction for

aggravated rape. The defendants filed multiple motions to dismiss, which the Court granted in part and denied in part in September 2025. *See Caldwell v. Cambra*, 802 F. Supp. 3d 8 (D. Mass. 2025).

Following initial discovery on the surviving claims, Caldwell sought leave to add Gonsalves as a defendant, but the Court denied that motion without prejudice for failure to comply with Local Rule 15.1(b). Caldwell subsequently served Gonsalves with a notice that he intended to file his motion for leave to amend on December 19, 2025. Unfortunately, Gonsalves passed away in between service and that date. After multiple failed attempts to identify a personal representative for Gonsalves, Caldwell filed a renewed motion for leave to amend and serve process on the Commonwealth as the indemnitor of Gonsalves. Three defendants oppose that motion, arguing that Caldwell's request to serve the Commonwealth is premature and that the proposed claims against Gonsalves would be futile. For the reasons that follow, the Court disagrees with both arguments and will grant Caldwell's motion.

## BACKGROUND

The Court assumes familiarity with the facts and procedural background of this case, as described in the decision on the motions to dismiss, and will recount that background only briefly.

Caldwell served over eighteen years in prison before his conviction for aggravated rape was vacated by the Massachusetts Supreme Judicial Court in May 2021. *Caldwell*, 802 F. Supp. 3d at 23-25. After the Commonwealth declined to pursue a retrial and dismissed the charge, Caldwell filed this civil action against those involved in the investigation and prosecution of his criminal case, alleging that the defendants violated various state and federal civil rights laws. *Id.* at 25-26. The defendants collectively filed four motions to dismiss his claims. On September 10, 2025, the Court granted those motions in part and denied them in part, such that most of Caldwell's claims were permitted to proceed to discovery. *Id.* at 48.

On October 31, 2025—well before the January 30, 2026 deadline to amend pleadings, ECF 68—Caldwell moved for leave to file an amended complaint that would add Gonsalves as a defendant in the case. ECF 69. One week later, the Court denied that motion without prejudice for failure to comply with Local Rule 15.1(b). ECF 70. On November 21, 2025, Caldwell served on Gonsalves a notice of intent to file the motion for leave to amend on December 19, 2025. ECF 73-2; ECF 73-4, ¶¶ 1-4. Gonsalves died on December 15, 2025, before the motion for leave to amend could be filed. ECF 73-3; ECF 73-4, ¶ 5.

On February 3, 2026, Gonsalves' lawyer informed Caldwell that she had not been retained to represent Gonsalves' estate and did not know whether an estate had yet been formed. ECF 73, ¶ 11. After multiple public docket searches revealed that no estate had been opened for Gonsalves, Caldwell filed the pending motion for leave to amend and to serve process on the Commonwealth on February 5, 2026. ECF 73; ECF 73-4, ¶¶ 6-7. Caldwell acknowledges that his motion "comes after the deadline to amend pleadings," but contends that there is "good cause to allow this late renewed motion" given "the extraordinary facts." ECF 73, ¶ 14. Certain defendants represented by the Massachusetts Attorney General's Office oppose Caldwell's motion, arguing that service on the Commonwealth would be premature and that Caldwell's claims against Gonsalves are futile. ECF 81.

## DISCUSSION

### I.   Service on the Commonwealth.

Caldwell moves to name Gonsalves as a defendant and to serve process on the Commonwealth of Massachusetts "as Personal Representative" of Gonsalves. ECF 74, at 1. Massachusetts probate law generally requires that actions against a deceased person be commenced after the appointment of a personal representative, M.G.L. c. 190B, § 3-104, and

within one year of the date of death of the deceased, *id.* § 3-803(a). However, Section 3-803(d)(2) creates an exception to that general rule, permitting plaintiffs to bring "an action for personal injury or death, if commenced more than 1 year after the date of death of the decedent," provided that (1) "the action is commenced not later than 3 years after the cause of action accrues," and (2) any "judgment recovered in that action shall only be satisfied from the proceeds of a policy of liability bond or liability insurance, if any, and not from the general assets of the estate." *Id.* § 3-803(d)(2); *see Cifizzari v. Town of Milford*, 721 F. Supp. 3d 120, 124-25 (D. Mass. 2024) (describing subsection (d)(2) as exception to general rule); *Rosario v. Waterhouse*, No. 19-cv-10532-LTS, 2019 WL 4765082, at *2 (D. Mass. Sept. 27, 2019) (same).[1] The statute further states "that if a personal representative has not been appointed, then an action otherwise allowed pursuant to this chapter may be maintained without such appointment, and shall be maintained naming the decedent as the defendant," and "that in that event any service of process that may be necessary shall be made upon the entity providing the insurance or bond." M.G.L. c. 190B, § 3-803(d)(2).

As a threshold matter, the defendants note, and the Court agrees, that Section 3-803(d)(2) does not permit Caldwell to name the Commonwealth as Gonsalves' personal representative. Instead, the statute contemplates a situation where, "if a personal representative has not been appointed," the decedent may be named as a defendant and "any service of process that may be necessary shall be made upon the entity providing the insurance or bond." M.G.L. c. 190B, § 3-

---

[1] Caldwell argues, and the defendants do not dispute, that he brings claims for personal injury within the meaning of Section 3-803(d)(2). *See Rosario*, 2019 WL 4765082, at *3 (plaintiff's Section 1983 and state tort claims against state officials constituted personal injury action under subsection (d)(2)); *Cifizzari*, 721 F. Supp. 3d at 125 (same); *Pomeroy v. Ashburnham Westminster Reg'l Sch. Dist.*, 410 F. Supp. 2d 7, 13-14 (D. Mass. 2006) (action under Section 1983 alleging a deprivation of procedural due process should be treated as a claim for personal injury under Massachusetts law).

803(d)(2). The question, then, is whether Caldwell can name Gonsalves as a defendant and serve process on the Commonwealth under Section 3-803(d)(2).

The parties dispute whether Section 3-803(d)(2) allows service within the first year of the decedent's death. Arguing that it does not, the defendants contend that Caldwell's motion is premature. In their view, Section 3-803 "sets forth a structured process where claims are to be brought against the personal representative in the first year, and only thereafter, can a claimant proceed against an insurer if the requirements are met." ECF 81, at 13. Until a year has passed, they say, Caldwell's only path forward is to petition the Massachusetts Probate Court to appoint a personal representative for Gonsalves' estate. Caldwell responds, and the Court agrees, that the defendants misconstrue the statute.

The language the defendants rely on for their reading—"if commenced more than 1 year after the date of death of the decedent," M.G.L. c. 190B, § 3-803(d)(2)—carves out an exception to the general rule in subsection (a) that actions must be brought against personal representatives within one year of the death of the deceased, "[e]xcept as provided in this chapter," *id.* § 3-803(a). It does not, as the defendants argue, establish a requirement that litigants wait a full year before proceeding under the exception set forth in subsection (d)(2). As this Court explained in *Rosario*, when an action is commenced within one year of the decedent's death and a personal representative is not appointed, a plaintiff may proceed against the decedent if the other requirements of subsection (d)(2) are met. *See* 2019 WL 4765092, at *2 n.3. That reasoning is consistent with *Cross v. Hewitt*, a decision of the Massachusetts Appeals Court construing a predecessor statute to Section 3-803(d)(2). *See* 52 Mass. App. Ct. 538, 541-42 & n.6 (2001).[2] In that case, the Appeals

---

[2] The predecessor statute, M.G.L. c. 197, § 9A, stated: "Notwithstanding the provisions of section nine, an action for personal injuries or death, *if commenced more than one year after the date of death of the deceased, may be brought* against said executor or administrator, *provided that*

Court explained that the Legislature "did not intend to prohibit suits brought within the first year of the decedent's death," and instead "was emphasizing that an action could still be brought after the first year, if the insurance company were the real party at interest." *Id.* at 541-42 (stating that the Legislature "did not intend to . . . require plaintiffs to defer filing suit for one year under any circumstances"). The defendants identify no case law to the contrary, nor do they substantiate their assertion that Caldwell must petition the Massachusetts Probate Court to name a personal representative for Gonsalves' estate.[3] Accordingly, Caldwell may proceed under Section 3-803(d)(2) within the first year of Gonsalves' death.

To name Gonsalves as a defendant and serve the Commonwealth under Section 3-803(d)(2), Caldwell must demonstrate that (1) he filed his claims against Gonsalves within three years of when they accrued, and (2) any judgment against Gonsalves will be satisfied from the proceeds of a policy of liability bond or liability insurance, not from the assets of the estate itself. M.G.L. c. 190B, § 3-803(d)(2). Caldwell contends, and the defendants do not dispute, that the first element is satisfied, where Caldwell first learned and had reason to know of Gonsalves' potential

---

*such action is commenced within three years* next after the cause of action accrues, and provided further that any judgment recovered in any action so brought may be satisfied only from the proceeds of a policy of insurance or bond, if any, and not from the general assets of the estate." *Cross*, 52 Mass. App. Ct. at 540 n.6 (quotation marks omitted). The statute also provided that "[i]f an executor or administrator has not been appointed, then an action allowed under this section may be maintained without such appointment, and shall be maintained naming the decedent as the defendant. In such event any service of process that may be necessary shall be made upon the entity providing the insurance or bond." *Id*. (quotation marks omitted).

[3] The defendants misconstrue *Cifizzari*, arguing that it "noted that Subsection (d)(2) requires that an action under Subsection (d)(2) be commenced more than a year after the decedent's death, and that the decedents in *Cifizzari* had been dead more than a year based on the suggestions of death filed with the Court." ECF 81, at 13. *Cifizzari* did not say that subsection (d)(2) contains any such requirement. *See* 721 F. Supp. 3d at 124-25. Rather, it explicitly stated that subsection (d)(2) is an exception to subsection (a) and noted the decedents' death dates solely to demonstrate that the plaintiff's only option was to proceed via the exception in subsection (d)(2). *Id.*

involvement in fabrication of evidence against him from September 2025 deposition testimony, *see* ECF 81-1, at 2, 4, and he then filed the underlying motion in February 2026.

With respect to the second element, Caldwell correctly argues that the Commonwealth is an entity holding "a policy of liability bond" from which any judgment against Gonsalves will be satisfied. As this Court explained in *Rosario*, this language in Section 3-803(d)(2) encompasses mandatory indemnification obligations imposed by statute on public employers. 2019 WL 4765082, at *3 (because a bond is a "written promise to pay money or do some act if certain circumstances occur," and a liability bond is a "bond intended to protect the assured from a loss arising from some event specified in the bond," a city's statutory indemnification obligation under M.G.L. c. 258, § 13 qualifies as a liability bond (quotation marks omitted)); *see Cifizzari*, 721 F. Supp. 3d at 125-26 (same); *c.f. Clark v. Farrell*, 795 F. Supp. 3d 266, 268-69 (D. Mass. 2025) (drawing a distinction between mandatory and permissive indemnification statutes). The indemnification statute at issue here, M.G.L. c. 258, § 9A, requires the Commonwealth to indemnify state police officers for losses "resulting from an alleged intentional tort or by reason of an alleged act or failure to act which constitutes a violation of the civil rights of any person under federal or state law," when the challenged conduct is within the scope of the officer's employment. M.G.L. c. 258, § 9A. This statute, like the statute at issue in *Rosario*, commits the Commonwealth to protect its employees from losses arising under specified events. Under the reasoning in *Rosario*, which this Court adopts, M.G.L. c. 258, § 9A is a "liability bond" under Section 3-803(d)(2). Thus, where no personal representative exists, Caldwell may name Gonsalves as a defendant and serve the Commonwealth on his behalf.

## II.     <u>Whether Amendment Would be Futile.</u>

Caldwell seeks to amend his complaint to add Gonsalves as a defendant for eight of his nine claims.[4] Although the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court "enjoys significant latitude in deciding whether to grant leave to amend," *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55-56 (1st Cir. 2008). Requests "characterized by undue delay, bad faith, futility, [or] the absence of due diligence" need not be granted. *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quotation marks omitted). The defendants contend that because Caldwell's proposed amended complaint fails to state a claim against Gonsalves, granting leave to amend would be futile.

When considering whether amendment would be futile, courts apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). In evaluating such a motion, the court must determine "whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintif[f], the complaint states a claim for which relief can be granted." *Cortés-Ramos v. Martin-Morales*, 956 F.3d 36, 41 (1st Cir. 2020) (quotation marks omitted). The complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

---

[4] The parties agree that Caldwell cannot bring the negligence claim asserted in Count VII of the proposed amended complaint against Gonsalves. *See* ECF 81, at 7-8; ECF 84, at 12; *Caldwell*, 802 F. Supp. 3d at 41.

At the outset, the defendants contend that "[t]he only factual allegation against Gonsalves, and the sole basis of Caldwell's motion to amend, is that he sent [defendant] Todd Cambra to meet with [George] Thompson," a man who worked as a police informant and who claimed that Caldwell confessed the aggravated rape to him. ECF 81, at 4. Caldwell responds, and the Court agrees, that this characterization of his proposed amended complaint is misleading and incorrect.[5] That pleading makes a number of specific allegations against Gonsalves. *See* ECF 73-1. Caldwell alleges that Gonsalves supervised defendants Cambra and Lori Tripp. *Id.* ¶ 19. In this role, Gonsalves worked alongside other defendants to ask Thompson to secure a false confession from Caldwell, including by directing Cambra to speak with Thompson. *Id.* ¶¶ 10, 38-39, 52. Gonsalves hid his and the other defendants' actions by failing to report, among other things, Thompson's history as a jailhouse informant and the officers' interactions with Thompson. *Id.* ¶¶ 11, 40, 43-45. Beyond the allegations that discuss Gonsalves by name, Caldwell's proposed amended complaint replicates the original complaint, and thus contains many allegations against the "Defendants" or the "Police," groups that include Gonsalves. *See, e.g.*, *id.* ¶¶ 45, 50, 79-88.[6]

Despite the substantial factual allegations pertaining to Gonsalves, and this Court's prior conclusion that Caldwell plausibly alleged claims under 42 U.S.C. § 1983 against MSP Officers Cambra and Tripp, the defendants argue that the federal claims against Gonsalves would not survive a motion to dismiss. *See Caldwell*, 802 F. Supp. 3d at 26-27. Ignoring the bulk of Caldwell's proposed amended complaint, they argue that Caldwell's "speculation" that Gonsalves

---

[5] To the extent defendants make other arguments relying on various exhibits not fairly incorporated into the proposed amended complaint, *see, e.g.*, ECF 81, at 2-4, those arguments are disregarded, *see Rivera v. Centro Médico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009).

[6] For the reasons already explained, the fact that the complaint contains allegations against the "Defendants" or the "Police" in general, rather than a particular defendant, "does not warrant dismissal." *Caldwell*, 802 F. Supp. 3d at 27.

instructed MSP officers to speak to Thompson is insufficient. ECF 81, at 5.[7] But the proposed amended complaint contains far more than that single allegation. And for the reasons discussed at length in this Court's prior decision, Caldwell has plausibly stated claims that the police officer defendants in this case violated his due process rights under the Fourteenth Amendment, maliciously prosecuted him in violation of the Fourth Amendment, and conspired to deprive him of his constitutional rights, and he has demonstrated that all of these rights were clearly established at the time of the challenged conduct. *See Caldwell*, 802 F. Supp. 3d at 30-37. Nor do the defendants argue that Gonsalves would be entitled to qualified immunity on the failure to intervene claim, which was the basis for dismissal of that claim as to certain of the police officer defendants. *See id.* at 37. Accordingly, the Section 1983 claims against Gonsalves are not futile and clear the plausibility hurdle of Rule 12(b)(6).

Turning to Caldwell's state law claims, the defendants argue that Caldwell's allegations against Gonsalves are insufficient to state claims of common law malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and a violation of the Massachusetts Civil Rights Act ("MCRA"). Beginning with the malicious prosecution claim, the defendants argue that, absent an "allegation that Gonsalves was involved in initiating Caldwell's prosecution," the claim must be dismissed. ECF 81, at 7. As they see it, because "Caldwell's confession to Thompson occurred after the criminal complaint was initiated by the Brockton Police Department, not MSP, any claim for malicious prosecution is futile." *Id.* This argument fails to account for the allegation that Gonsalves, in conspiracy with other defendants, including the Brockton police officers,

---

[7] The defendants also gesture at an argument that Gonsalves cannot be held liable through "an impermissible supervisory claim." ECF 81, at 6. As previously explained, "[u]nder Section 1983, while supervisors may not be held liable for the misconduct of their employees on a *respondeat superior* theory, they may be found liable for their own actions or omissions." *Caldwell*, 802 F. Supp. 3d at 33 n.6.

10

"reached an agreement to frame [Caldwell] for a crime he did not commit and conspired by concerted action to accomplish an unlawful purpose by an unlawful means." ECF 73-1, ¶ 146. As was the case in this Court's prior decision, the complaint "as a whole . . . [is] sufficient to plausibly allege" the elements of a malicious prosecution claim. *Caldwell*, 802 F. Supp. 3d at 40; *c.f. Limone v. United States*, 579 F.3d 79, 91 (1st Cir. 2009) ("The SJC has left open the possibility that an individual may be held liable for malicious prosecution if he pursues a prosecution after it has become clear to him that there is no probable cause to support it.").

As to the latter three claims, the defendants again ignore the cumulative effect of Caldwell's factual allegations against Gonsalves. For the reasons described in *Caldwell*, those allegations, taken together, are sufficiently detailed to plead claims of intentional infliction of emotional distress, civil conspiracy, and a violation of MCRA. *Compare, e.g.*, ECF 73-1, ¶¶ 38, 40, 43-45, 52, 73-74, 146-47, *with Caldwell*, 802 F. Supp. 3d at 37-38 (allegations that defendants fabricated false confession and withheld exculpatory evidence resulting in deprivation of liberty stated intentional infliction of emotional distress claim), *id.* at 43 (allegations that defendants acted in concert to frame Caldwell for a crime he did not commit, agreed to protect one another from liability, took overt acts, and willfully participated in the conspiracy stated civil conspiracy claim), *and id.* at 41-42 (allegations that defendants convinced Thompson to fabricate confession and manipulated Caldwell into confessing to Thompson plausibly stated a claim that the police officer defendants coerced Caldwell to do something he would not otherwise have done in violation of MCRA). Accordingly, and consistent with this Court's earlier decision in *Caldwell*, Caldwell's proposed amendment would not be futile and will therefore be allowed.

## CONCLUSIONS AND ORDERS

For the foregoing reasons, Caldwell's motion for leave to amend his complaint and serve process on the Commonwealth of Massachusetts, ECF 73, is GRANTED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: May 5, 2026                              UNITED STATES DISTRICT JUDGE

12